A93A0474. GRIFFITH v. FIRST FEDERAL SAVINGS BANK OF GEORGIA.
(432 SE2d 606)

POPE, Chief Judge.

Plaintiff/appellee First Federal Savings Bank of Georgia made two loans and several renewals of loans to defendant/appellant Troy Lee Griffith from 1982 until 1985. In 1985 the notes on those loans

were consolidated into one note with a principal amount of $97,450. In 1986 certain terms of the 1985 note were changed in a manner favorable to defendant. After those changes were made the principal amount of the loan was $97,014 and defendant was required to make payments to plaintiff in the amount of $1,303.82 monthly.

In 1986 the value of the original collateral securing the note had declined and the plaintiff requested additional collateral to secure the loan. The defendant assigned to the bank as additional collateral a deed to secure debt executed by James Robert Arnold, Sr. in defendant's favor on July 6, 1982 in the original principal amount of $55,000. Pursuant to the assignment, Arnold began making his payments of $684 due under the deed to secure debt to the plaintiff, and defendant was to pay the remainder of his $1,303.82 payment per month. In December 1990, Arnold paid off the balance owing under the deed to secure debt which had been assigned to plaintiff. The plaintiff credited the payoff amount of $48,800 to defendant's note.

Defendant's payment history on the note was irregular resulting in a default under the terms of the note. In March 1991, plaintiff sought and obtained a writ of possession for the property constituting the collateral for defendant's note to plaintiff. Plaintiff did not seize, sell or otherwise levy on that property, however. In September 1991, plaintiff filed this suit on the note. A jury trial was conducted in this case and the jury found in favor of plaintiff in the amount of $65,000. Defendant appeals from that judgment.

1. Defendant contends the trial court committed reversible error by refusing to direct a verdict in his favor because the plaintiff had previously obtained a writ of possession for the property constituting collateral for the subject note but had failed to dispose of that property in a commercially reasonable manner. This enumeration of error is controlled by OCGA § 9-2-4 which provides: "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." The evidence was undisputed that although plaintiff obtained a writ of possession entitling it to sell certain collateral it did not execute that writ. Because plaintiff did not satisfy defendant's debt by selling the property listed on the writ of possession, plaintiff was not barred from pursuing this suit on the note until it obtained satisfaction of that debt.

2. Defendant also contends the trial court committed reversible error by refusing to grant a directed verdict in defendant's favor because plaintiff allegedly violated OCGA § 11-9-504 by disposing of the deed to secure debt given as collateral for the subject loan without notice to defendant. The evidence is undisputed that plaintiff did not give defendant notice that Arnold had paid off the debt evidenced by the deed to secure debt given by plaintiff as collateral. The question

presented in this appeal is whether the acceptance by plaintiff of Arnold's payoff of the note posted as collateral constitutes a disposition of collateral within the meaning of OCGA § 11-9-504.

We hold that under the facts of this case OCGA § 11-9-504 is inapplicable. OCGA § 11-9-504 governs a secured party's action in disposing of collateral after a default has occurred. Although the evidence presented at trial shows that defendant had defaulted under the terms of his note with plaintiff at the time Arnold sought to pay off his debt, there was no evidence presented that plaintiff requested or required that Arnold pay off the debt evidenced by the deed to secure debt. Furthermore, a deed to secure debt by its nature will diminish in value over time and eventually be of no value when the principal amount of the debt has been repaid. The terms of the deed to secure debt allowed for early payment of the debt. By accepting Arnold's payoff, the plaintiff simply allowed the debt evidenced by the deed to secure debt to be extinguished in a manner contemplated by that instrument, and that act does not constitute a disposition or sale of the collateral within the meaning of OCGA § 11-9-504.

3. Defendant further argues that the trial court committed reversible error by refusing to charge the jury on the defendant's 14 requested jury charges. Defendant's requests to charge numbers 1 through 6 concern accord and satisfaction. Although the defendant contended that the assignment of the deed to secure debt constituted an accord and satisfaction for his loan from plaintiff, there was no evidence presented that the parties intended for it to constitute an accord and satisfaction. Defendant's requests to charge numbers 7, 8, 13 and 14 concern OCGA § 11-9-504 which, as we discussed in Division 2, is inapplicable to this case. Requests to charge numbers 9, 10 and 12 are not adjusted to the evidence. Defendant's request to charge number 11 concerns the burden of proof and the trial court accurately instructed the jury concerning the burden of proof. Accordingly, the trial court's failure to give plaintiff's requests to charge does not constitute reversible error.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 8, 1993.

*Walter B. Harvey,* for appellant.
*Russell, Adamson & Stell, John E. Stell, Jr., Michael C. Pruett,* for appellee.